# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | |
| RONALD A. ROSE and CORINNE A. ROSE, | **Bankruptcy Case No. 06-40372-JDP** |
| **Debtors.** | |

_____

| | |
|---|---|
| GARY L. RAINSDON, Trustee, | |
| **Plaintiff,** | |
| vs. | **Adv. Proceeding No. 07-8040** |
| LARREY and RETHA ANDERSON, husband and wife, | |
| **Defendants.** | |

_____

### MEMORANDUM OF DECISION

_____

MEMORANDUM OF DECISION - 1

**Appearances:**

    Lane Erickson, RACINE OLSON NYE BUDGE & BAILEY, Pocatello, Idaho, Attorneys for Plaintiff.

    Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorneys for Defendants.

### *Introduction*

In this action, the parties have agreed that the complaint in the adversary proceeding should be dismissed. What they do not agree upon is whether that dismissal should be with or without prejudice.

The Plaintiff is the chapter $7^1$ trustee, Gary Rainsdon ("Trustee"). He initiated this adversary proceeding to recover certain property from Defendants Larrey and Retha Anderson ("Defendants") which he alleged was property of the bankruptcy estate. Upon further investigation, he learned that the property in question was not the property of *this*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION - 2

bankruptcy estate.[2]  Armed with this information, Trustee moved to dismiss the adversary proceeding without prejudice.  Docket No. 15.  Shortly thereafter, Defendant moved to dismiss the action, but with prejudice.  Docket No. 19.

On December 10, 2007, the Court conducted a hearing concerning both motions, entertained the arguments of counsel, and took the issues under advisement.  After due consideration of the record, the parties' arguments, and the applicable law, this Memorandum disposes of both motions.[3]

---

[2] Two separate bankruptcy cases are affected by these facts.  On August 2, 2006, Debtors Ronald A. Rose and Corinne A. Rose filed a chapter 7 petition, Case No. 06-40372-JDP.  Mr. Rainsdon was appointed to serve as the chapter 7 trustee in that case.  At the time they filed their petition, Debtors were the sole directors and shareholders of a company known as RTI Sales, Inc.  On November 1, 2007, Mr. Rainsdon, presumably exercising rights as the successor to Debtors' stock interests, filed a chapter 7 petition for RTI Sales, Inc., Case No. 07-40942.  Remarkably, Mr. Rainsdon was also appointed to serve as chapter 7 trustee in the corporate case.  At the hearing, the Court was surprised to hear that Mr. Rainsdon continues to serve as the trustee in both cases, although the U.S. Trustee is investigating whether a conflict may exist and if he should be removed from one or both cases.  The adversary proceeding and the motions to dismiss at issue here were filed in connection with the Roses' individual bankruptcy case.

[3] To the extent required under Federal Rules of Bankruptcy Procedure, this Memorandum of Decision is the Court's findings of fact and conclusions of

MEMORANDUM OF DECISION - 3

*Facts*

Prior to filing their chapter 7 case, Debtors operated a trailer interior manufacturing business in a building leased from Defendants. Debtors advised Trustee that they owned several items of equipment that were located in the leased building, and that they were purchasing various other equipment items from Defendant Retha Anderson under a lease agreement. When he reviewed the purported equipment lease agreement, Trustee concluded that the arrangement was actually a sale, not a lease.

Trustee commenced this adversary proceeding on March 28, 2007. Docket No. 1. In his complaint, Trustee alleged the agreement was not a "true lease" but rather a secured financing arrangement, and that Defendants had failed to perfect a security interest in the equipment. *Id.* As such, Trustee alleged that Defendants had no enforceable rights in the equipment, and any claim they held in connection with the agreement was, in the bankruptcy case, simply a general unsecured claim. *Id.*

Then, on May 31, 2007, Trustee deposed Ronald and Corrine Rose.

---

law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 4

Mr. Rose testified that the "lessor" of the equipment under the agreement was actually RTI Sales, Inc., not the individual Debtors. In a document filed in the Roses' individual bankruptcy case and dated October 16, 2007, Trustee acknowledged "[t]o the best of Trustee's information and belief all of the personal property assets claimed by the Debtors are owned by RTI Sales, Inc." Bankr. Docket No. 83.

On November 20, 2007, Trustee filed his motion to dismiss the adversary proceeding without prejudice. Docket No. 15. In that motion, Trustee expressed his intention to file a new complaint against Defendants, this time in the RTI Sales, Inc. bankruptcy case.[4] Defendants responded on November 27 with the filing of their motion to dismiss with prejudice. Docket No. 19.[5]

---

[4] The Court's record shows that Trustee has commenced no adversary proceeding in connection with the corporate bankruptcy case at this time.

[5] On November 21, 2007, prior to filing their motion, Defendants' counsel executed a stipulation vacating the trial in this action. Docket No. 17. In that stipulation, "Defendants agree[d] with [Trustee's] dismissal of the adversary proceeding, but dispute[d] whether the dismissal should be with or without prejudice . . . ." *Id.* at ¶ 3. Having effectively agreed that Trustee's motion for voluntary dismissal was proper, the filing of their own motion for an involuntary dismissal seems at least unnecessary, if not inconsistent with the stipulation. A

MEMORANDUM OF DECISION - 5

*Discussion*

Rule 7041 incorporates Federal Rule of Civil Procedure 41(a)(2) in adversary proceedings. That rule allows the Court to dismiss an action upon a motion by the plaintiff "upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Under the rule, the Court is granted broad discretion to determine whether a voluntary dismissal should be with or without prejudice to the plaintiff's prosecution of a further action against the defendants. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). The purpose of the rule is to permit a plaintiff to dismiss an action it no longer desires to pursue provided the defendant will not be prejudiced or unfairly affected by the dismissal. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

At the hearing, the Court inquired with counsel about the potential prejudicial effect, if any, a dismissal without prejudice would have upon

---

simple response to Trustee's motion addressing the "without prejudice" issue would have likely been sufficient.

MEMORANDUM OF DECISION - 6

Defendants.  Counsel for Defendants responded that Defendants have gone to great expense thus far in defending against Trustee's claim in this action, and that they certainly did not relish the prospect of incurring additional expense if Trustee (or his successor) seeks to file another adversary proceeding against them in connection with the individual bankruptcy case.

Although this adversary proceeding was no doubt inconvenient to Defendants, and the Court suspects Defendants have indeed incurred legal expenses to defend it, the Court is not persuaded that granting Trustee's motion to dismiss would be unfairly prejudicial to Defendants.  Moreover, in addition to consideration of Defendants' interests, the Court must weigh the rights of innocent third parties in making this decision.  In particular, the creditors of RTI Sales, Inc., could be adversely affected by a dismissal with prejudice.  While the Court sympathizes with Defendants' predicament, under the unusual facts and circumstances, the Court is not inclined to exercise its discretion to order that the dismissal of this adversary proceeding be with prejudice.

MEMORANDUM OF DECISION - 7

*Conclusion*

Trustee's motion to dismiss will be granted, and Defendant's motion to dismiss will be denied. The dismissal shall be without prejudice. A separate order will be entered.[6]

Dated: January 11, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[6] Defendants have not requested an award of attorney fees or costs, and the Court expresses no opinion on that topic.

MEMORANDUM OF DECISION - 8